## BOWMAN v. BROWN & A.

The defendants, A, B, and C, were described in the writ as partners in busi-
ness, all having their residence in this State.   The officer's return on the
writ showed that service was made on A and B, but not on C, whose
residence is was agreed was and still is in Grafton county.   *Held*, that
the defective service should have been pleaded in abatement, and that a
motion to quash for that cause must be denied.

ASSUMPSIT, by Curtis C. Bowman against A. L. & W. G. Brown &
Co.   The two Browns and Nelson Gile are sued as defendants, and
are all described in the writ as residing in Grafton county, and as being
partners in business under the style and firm of A. L. & W. G. Brown
& Co.   The return of the officer upon the writ shows that the process was
served upon Nelson Gile and W. G. Brown, but that no service was
made upon A. L. Brown, whose residence, it is agreed, was then and
still is in said county.   The writ contains the general counts, and an
account annexed for labor and services done and performed for the
defendant firm.

The action was entered at the March term, 1871, when an appearance was entered for the two defendants upon whom service had been made, and a motion was made to quash the writ for defective service, and because no service had been made upon the other defendant.

The questions of law arising upon that motion were reserved.

LADD, J. In *Merrill* v. *Coggill*, 12 N. H. 97, it was held upon error, that the mere fact that some of the defendants named in the writ had not been summoned, and that judgment had been taken against the one on whom service was made, upon his default, is not a ground for reversal of judgment. The same doctrine is reäffirmed in *Burt* v. *Stevens*, 22 N. H. 229 ; and both these cases are referred to and approved in *Curtis* v. *Baldwin*, 42 N. H. 398.

In *Merrill* v. *Coggill*, PARKER, C. J., says,—"We are of opinion if Fletcher (the defendant on whom no service was made) was liable and within the jurisdiction, so that he might have been served, the plaintiff (in error), if he would take advantage of it, should have pleaded it in abatement." In *Burt* v. *Stevens* the same remark is repeated in substance by WOODS, J. ; and in *Curtis* v. *Baldwin*, SARGENT, J., says,— "It would seem to be well settled in this State, that such want of service on a coöbligor who is named in the declaration, even when he is there described as living in the jurisdiction, can only be taken advantage of by plea in abatement." It is not necessary to repeat here the argument and full examination of authorities by which the result was reached in those cases. We have carefully considered whether any reason exists why it should be held that advantage may be taken, by motion to quash, of such a defect in the service of the writ as appears on the record in this case, which could not avail the party on motion in arrest of judgment or writ of error ; and we have not been able to find any such reason.

The general ground upon which it has been held that a writ of error or motion in arrest of judgment does not reach such defect is, that some issue of fact might be raised were the matter pleaded which would go to the merits, and which it would be the right of the party to try by the jury ; as, that the defendant on whom no service was made died, or left the jurisdiction after the commencement of the suit and before service had been made on him, or that he was not, in fact, jointly liable. All these reasons apply with equal force, to say the least, against allowing a motion to quash for this cause. It is evident that all inquiry into such questions of fact would be as effectually cut off by dismissing the action on motion, as by arresting or reversing the judgment on error. The point is, that the record, although it shows a defect in the service which might avail the party provided no legal explanation were furnished on the trial of such issues as might be raised if the matter were pleaded, yet does not show a defect that cannot by any possibility be cured, and which must therefore, at all events, be fatal.

It is true, the agreed statement of facts shows that the residence of A. L. Brown was, and still is, in Grafton county. But it was held, in

*Morse* v. *Calley*, 5 N. H. 222, that the court will not, upon a statement of facts, without plea, decide whether the matter stated is sufficient to abate the writ; and such, we understand, has been the uniform practice since.

The case of *Crawford* v. *Crawford*, 44 N. H. 428, cannot be regarded as in conflict with these views. There the officer's return showed that the writ was served on the principal defendant on the 28th day of October, and was returnable on the 4th day of November, only six days before court. This was a substantial defect, going to the whole service of the writ, and of such a character as to exclude every possibility of amendment, provided the fact was as stated in the return. The court quashed the writ on motion for defective service, and say that " when the defect is a substantial one, is apparent on the record and cannot be cured by amendment, if it be seasonably brought to the notice of the court by motion, the proceeding will ordinarily be dismissed."

This is sufficiently clear, and requires no modification or explanation to meet the views we now hold. The defect must appear upon the record. It need not be said that it must be of such a character, and appear with such certainty upon the record, as to exclude the possibility of answer or amendment.

The defect in this case is not of that character. The writ was well served on two of the defendants, and, as we have seen, facts might exist which would show that the plaintiff was entitled to recover against those defendants upon whom service was made.

Laying aside the statement as to the residence of A. L. Brown, which, as suggested, we do not consider, a case might be made which would entitle the plaintiff to discontinue as to him, as matter of right under the statute, and have a valid judgment against the others.

Upon the authority of the cases first cited, which we think bear strongly upon the question before us, and for the reasons thus briefly given, we are of opinion that this defect in the service of the writ ought to have been pleaded in abatement, and cannot avail the other defendants on motion to quash.

*Motion to quash overruled.*